IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JIM L. HOUSLEY     PLAINTIFF

v.     Civil No. 07-3054

MARY JANE ERWIN, Mayor
of the City of Flippin, Arkansas;
THE CITY OF FLIPPIN, ARKANSAS;
JOHN DOE POLICE OFFICERS, Flippin,
Arkansas, et al.     DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jim L. Housley, an inmate of the Arkansas Department of Correction, brings this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985(2), 1985(3), 1986 and 18 U.S.C. § 2520. He proceeds *pro se* and *in forma pauperis*. Housley's complaint was provisionally filed subject to a later determination of whether service of process should issue.

### I. Background

According to the allegations of the complaint, Housley is a member of a group called "Save Our Streams." *Statement of Claim* at page 1. He maintains the defendants engaged in a conspiracy to stop his efforts to prevent gravel mining on Crooked Creek. *Id.* at page 2. Housley maintains defendants' goal was to stop his actions with Save Our Streams and to take his private property for their own use. *Id.* To accomplish this end, Housley maintains defendants planned to either murder him or send him to prison. *Id.* Housley asserts he is now in prison on an invalid conviction and is being treated in a discriminatory manner. *Id.* He maintains this is all part of

the ongoing conspiracy. *Id.* Additionally, he maintains defendants continue to use his property. *Id.*

In 1996, Housley alleges he purchased five acres of land from Marion County Sand and Gravel Company. *Statement of Claim* at page 3. The land is located on Crooked Creek. *Id.* Housley lived on the land from 1996 until February of 2001. *Id.*

Because he allowed Save the Streams officials to use his property to take pictures of creek destruction up close, Housley contends defendants wrongfully used the authority of their offices to terrorize and harass his family, to seize evidence showing illegal gravel mining, to repeatedly enter his property without warrants, and refused to assist plaintiff when he complained of incidents occurring at his property. *Statement of Claim* at pages 4-10.

According to Housley, the conspiracy involved using an informant Linda Uchtman to make a drug buy from him on May 3, 2000. *Statement of Claim* at pages 11-14. He was arrested and charged with delivery of methamphetamine, simultaneous possession of drugs and firearms, and possession of drug paraphernalia. *Id.* at page 25. On May 10th he bonded out. *Id.* at page 18. In June of 2000, Housley alleges he and his wife left on an outing. *Statement of Claim* at page 18. When they returned with their pickup and travel trailer, they found a tree limb had blown off a neighbor's oak tree and was blocking their driveway. *Id.* Housley used his tractor to remove the limb and then returned to his pickup. *Id.* Housley alleges when he did so, Mary Erwin, the Mayor of the City of Flippin, was there and told him he and his wife were going to jail for using the limb to block the driveway. *Id.* Housley asked the deputies to remove Erwin from his private property. *Id.*

Instead, Housley alleges he and his wife were handcuffed, excessive force was used against him, both were strip-searched, thrown in jail, and charged with disorderly conduct. *Statement of Claim* at page 19. Their pickup, travel trailer, and tractor were impounded. *Id.* The charges were eventually dismissed. *Id.*

Housley hired attorney Dale Finley to represent him in the criminal case filed against him in the Circuit Court of Marion County, CR 2000-38. *Statement of Claim* at page 21. Housley alleges he later learned that Finley was mentally unstable and after Housley filed his state Rule 37 motion Finley petitioned to surrender his law license for mental lapses in seven different cases. *Id.*

At his criminal trial on February 7-9, 2001, Housley alleges there were a variety of miscarriages of justice including ineffective assistance of counsel on Finley's part, the suppression of exculpatory evidence by the prosecutor, suborning of perjured testimony, the fabrication of evidence, misconduct on the part of the Judge, and misconduct on the part of jurors. *Statement of Claim* pages 21-25.

Housley was convicted in 2001 by a Marion County jury of delivery of methamphetamine, simultaneous possession of drugs and firearms, and possession of drug paraphernalia. *Statement of Claim* at page 25. He was sentenced to a term of twenty years imprisonment on the conviction of delivery of methamphetamine with an additional ten years added by the jury based on a finding that the delivery was within 1,000 feet of a church. *Id.* He was also convicted of the simultaneous possession of drugs and firearms and possession of drug paraphernalia and sentenced to twenty years and five years respectively. *Id.* The two twenty years sentences are running consecutively. *Id.* at page 27.

AO72A
(Rev. 8/82)

After his trial, when he appealed, Housley contends he was denied a complete and accurate transcript. *Statement of Claim* at page 34. Until he is provided a true copy of the transcript, he maintains the conspiracy continues. *Id.* at page 35.

Housley alleges he has exhausted all direct appeals and both state and federal habeas corpus remedies. *Statement of Claim* at page 25. Housley alleges the criminal process was perverted at the time of his trial and the appeal process merely rubber-stamped the denial of his rights. *Id.* at page 33. Similarly, he maintains he was denied a full and fair hearing on his habeas petitions. *Id.* at page 34.

After he arrived at the Arkansas Department of Correction (ADC), Housley alleges he applied for a transfer to Calico Rock which was closer to his family members in Harrison, Arkansas, Springfield, Missouri, and St. Louis, Missouri. *Statement of Claim* at page 35. Housley alleges he only stayed at Calico Rock for two weeks in July of 2001. *Id.* at page 36.

Housley alleges when Benny Magness learned Housley was at Calico Rock Magness conspired with prison officials to have Housley sent back to the Cummins Unit. *Statement of Claim* at page 36. Housley states Magness used to be the Sheriff of Baxter County and lives in Baxter County. *Id.* Magness is now the President of the Board of Correction. *Id.*

Since July of 2001, Housley states he has unsuccessfully attempted to get transferred back to Calico Rock. *Statement of Claim* at page 36. Housley maintains Magness and the prison officials have conspired to deny him 1B status and deny him access to the 309 program. *Id.* He indicates he is now at the Delta Regional Unit in Dermott which is even further from his family than the Cummins Unit was. *Id.*

Housley has named as defendants everyone involved in the investigation or prosecution of him for the criminal charges, or his state court criminal trial including a number of law enforcement officers (John Doe City of Flippin Police Officers, Carl McBee, James (Mike) Moffet, Dwayne McFarland, Steve Smothers, Donny Yancey, Lyle Scott, Terry Johnson, Jim Scott, Gary Jenkins, David Small, Beckey Gage, Rodney Anderson, Lee Sanders, Ezra Roberts, Jason Pace, Tom Fleming, Shane Lane, Rickey Walker, Sam Martin, John Doe Police Officer with the City of Harrison), the informant (Linda Uchtman), the prosecuting attorneys (John Putman, Kenford Carter, Gordon Webb), the court reporter (Linda Adams), the trial judge (Robert McCorkindale), several jurors (Karen Waggenor, Darlene Prine, Betty Schmidt), his defense counsel (Dale Finley), the City of Flippin, Arkansas, the City of Harrison, Arkansas, the City of Mountain Home, Arkansas, the policy maker for the United States Drug Enforcement Agency for Northwest Arkansas, the policy maker for the City of Mountain Home Police Department, the Sheriff of Baxter County, Arkansas, the Sheriff of Marion County, Arkansas, the Justices of the Supreme Court of Arkansas, and the Fourteenth Judicial Drug Task Force.

He also names as a defendant Benny Magness as a former employee of the Fourteenth Judicial Drug Task Force and the current President of the Board of Correction for the Arkansas Prison System, Pine Bluff, Arkansas.  Finally, Housley names as defendants John Doe Prison Officials located in Pine Bluff, Arkansas, who he alleges conspired with other defendants.

As relief, Housley requests an award of nominal, compensatory, and punitive damages. He also asks that various Arkansas statutes be held unconstitutional, the rulings of the Arkansas Supreme Court be struck down, and that his conviction be overturned and he be released from prison.

AO72A
(Rev. 8/82)

## II. Discussion

Housley's claims are subject to dismissal. First, his claims under 42 U.S.C. § 1983 are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred when his property was searched, he was arrested, charged, tried, and convicted in 2001 would be barred by the statute of limitations.

Second, Housley's claims brought under 42 U.S.C. § 1985 are barred by the statute of limitations. Section 1985 does not contain its own statute of limitations. Instead, causes of actions under § 1985 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987). *See Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). This has been held to be a three year statute of limitations. *Kaster v. State of Iowa*, 975 F.2d 1381, 1382 (8th Cir. 1992)(personal injury state statute of limitations applies to § 1985 cases).

Third, Housley's claims under 42 U.S.C. § 1986 are barred by the statute of limitations. Section 1986 has its own statute of limitations. 42 U.S.C. § 1986. It provides that "no action under the provisions of this section shall be sustained which is not commenced within one year

after the cause of action has accrued." *Id. See also Hoagland v. Town of Clear Lake*, 415 F.3d 693, 700 (7th Cir. 2005).

Housley's civil rights causes of action accrued when he knew or had reason to know of harm constituting the basis of the action. *Nasim v. Warden, Maryland House of Corrections*, 64 F.3d 951, 955 (4th Cir. 1995). While Housley alleges the conspiracy is ongoing because defendants are still using his land and he is still imprisoned, we believe Housley clearly knew or had reason to know of the harm causing the basis of the action by the latest when he was arrested, charged, tried, and convicted in 2000 and 2001. Other than the prison officials who he alleges are responsible for determining his place of confinement, none of the other defendants have had any connection with Housley after that date.

Fourth, Housley's claim under 18 U.S.C. § 2520 is barred. Section 2520 is part of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520. It contains criminal liability provisions and a federal civil cause of action for when a person intentionally intercepts a wire or electronic communication or intentionally discloses the contents of the interception. *See e.g., Deal v. Spears*, 980 F.2d 1153, 1156 (8th Cir. 1992)(discussing §§ 2511 and 2520). However, a civil action under § 2520 "may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e).

Housley alleges on May 3, 2000, Uchtman was sent to his residence to tape record his conversation. *Statement of Claim* at page 11. He further alleges the information gathered from the recording was made public record by prosecutor Putman. *Id.* at page 12. Housley knew of the tape recording during his criminal trial. *Id.* at page 24. His conviction was in February of

2001. Thus, at the very latest he had two years from February of 2001 to file his cause of action under this statute.

Fifth, Housley may not use the civil rights statutes as substitute for habeas corpus relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

Sixth, to the extent Benny Magness, in his capacity as President of the Board of Correction, Pine Bluff, Arkansas, and the John Doe Prison Officials, Pine Bluff, Arkansas, are named as defendants, venue is not appropriate in this district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1406. Pine Bluff is located in Jefferson County. Jefferson County is located in the Eastern District of Arkansas.

### III. Conclusion

Accordingly, I recommend that this case be dismissed on the grounds that the claims against all defendants except Benny Magness in his capacity as President of the Board of Correction and the John Doe Prison Officials are barred by the applicable statute of limitations, are frivolous, and fail to state claims on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). With respect to the claims against Benny Magness in his capacity as the President of the Board of Correction and the John Doe Prison Officials, I recommend those claims be dismissed as venue is not proper in this district.

AO72A
(Rev. 8/82)

**Housley has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Housley is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of December 2007.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE