IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JIM L. HOUSLEY                                            PLAINTIFF

              v.                        Civil No. 07-3054

MARY JANE ERWIN, Mayor
of the City of Flippin, Arkansas;
THE CITY OF FLIPPIN, ARKANSAS;
JOHN DOE POLICE OFFICERS, Flippin,
Arkansas, et al.                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jim L. Housley, an inmate of the Arkansas Department of Correction, brought this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985(2), 1985(3), 1986 and 18 U.S.C. § 2520. The case was dismissed prior to service or process (Doc. 10).

He filed a notice of appeal (Doc. 13). He also filed a motion to appeal *in forma pauperis* (IFP) (Doc. 14). The motion was referred to the undersigned.

## Discussion

As explained in greater detail in the report and recommendation issued on December 19, 2007 (Doc. 5), Housley maintains the defendants engaged in a conspiracy to stop his efforts to prevent gravel mining on Crooked Creek. He maintains defendants' goal was to stop his actions with Save Our Streams and to take his private property for their own use. To accomplish this end, Housley maintains defendants planned to either murder him or send him to prison. Housley asserts he is now in prison on an invalid conviction and is being treated in a discriminatory

manner. He maintains this is all part of the ongoing conspiracy. Additionally, he maintains defendants continue to use his property.

All of Housley's claims were subject to dismissal. His claims under 42 U.S.C. §§ 1983, 1985, and 1986 are barred by the statute of limitations. Likewise, his claim under 18 U.S.C. § 2520 is barred by the applicable statute of limitations. Next, Housley was precluded from using the civil rights statute to challenge his conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). Finally, to the extent Benny Magness, in his capacity as President of the Board of Correction, Pine Bluff, Arkansas, and the John Doe Prison Officials, Pine Bluff, Arkansas, were named as defendants, venue was not appropriate in this district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1406.

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As Housley claims are frivolous and/or filed in the wrong venue, any appeal would not be taken in good faith. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## Conclusion

I therefore recommend that the motion for leave to appeal IFP (Doc. 14) be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3). I further recommend that the clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act. Housley may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

AO72A
(Rev. 8/82)

**Housley has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Housley is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of March 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE